JOHN YOXALL v. COMM'RS OF OSBORNE COUNTY, *et al.*

1. BUILDINGS, *Donated by Town Company to County — When Not Subject to Execution.* Where an incorporated town company builds a court-house on government land, and in good faith, with no intent to defraud creditors, transfers the possession of the premises to a board of county commissioners for county purposes, and in expectation of obtaining title to the land agrees to execute a deed therefor to the board, and after the board have taken possession of the same, the land is entered as a townsite by the probate judge of the county in trust for the use and benefit of the occupants, and the block on which the court-house stands is set off by the commissioners of partition to the county board, and afterward deeded to the board and their successors in office by the probate judge, *held,* a judgment-creditor of the town company, who levies his execution on the premises after such possession by the county board, and before the entry of the land, cannot subject the building to the payment of the judgment.

2. DEED; TITLE; *Not to be Inquired Into by Strangers.* In an action upon the facts above stated, to subject the premises to the payment of the judgment, the validity of the deed to the county board cannot be inquired into, where it appears that neither the plaintiffs nor the town company, have any interest, or estate, legal or equitable, in the premises.

*Error from Osborne District Court.*

ACTION, by *John Yoxall* and three others, partners as *Yoxall, Sons & Co.,* for the purpose of having "the equitable interest of the *Osborne Town Company* to block 13 (generally known and called 'the court-house block') in Osborne City, established, and that the same be decreed to be applied to the satisfaction" of a judgment previously recovered by plaintiffs against said *Town Company.* The *Board of County Commissioners* was made a party defendant, as holding the legal title to said premises. The district court at April Term 1877, gave judgment in favor of defendants, and plaintiffs bring the case here on error.

*A. Saxey,* and *S. Walroud,* for plaintiffs.

*R. G. Hays,* for defendants.

The opinion of the court was delivered by

HORTON, C. J.: On the 29th of September 1874, the plaintiffs obtained a judgment against the Osborne City Town Company, in the district court of Osborne county, for the sum of $864.43, and costs, for lumber furnished to said company to build a certain building in Osborne City, afterward used as a court-house. After the issuance of an execution upon this judgment, and its return *nulla bona,* a suit was brought by plaintiffs to subject the equitable interest which it was alleged the town company had in certain real estate in Osborne City to the payment of the claim of plaintiffs. The particular controversy was over the lots and premises upon which the court-house building erected by the company was situated. From the facts in the case it appears, that, prior to the 11th of December 1875, the premises, of which the court-house block was a part, were government land, and that on said last-named day it was entered by the probate judge of Osborne county as a town-site, for the benefit of the occupants thereof, according to their respective interests. Prior to this time, and in the years 1871,

1872, and 1873, the town company constructed the building upon the block in controversy, under an agreement with the county commissioners of the county that the building and the block should be the absolute property of the county, provided the county-seat was located at Osborne City. In October 1872, upon a vote duly taken, the county-seat was located at said city, and the county officers, in 1872, took possession of the premises with the consent of the town company, and since then such company has had no control over the building or premises, nor been in any possession of the same. On the 21st of February 1876, the commissioners appointed to partition and divide the town-site set off to the board of county commissioners of Osborne county the courthouse block, and on 23d March 1876 the probate judge executed to the board, and their successors in office, a deed for the premises.

Upon these facts the judgment of the district court was properly given for the defendant, to-wit, the board of county commissioners of Osborne county. At the time the building was constructed, the town company supposed it could occupy the town-site under the statute, and wishing to benefit its members by increasing the value of the property through the location of the county-seat of the county at Osborne City, it delivered up the premises to said county commissioners, and agreed to supplement this possession with a valid deed of the same. So far as it was able, prior to the levy of the execution, it gave all its interest, right, and title to the block and building to the board; but the decision of the *Winfield Town Company v. Maris*, 11 Kas. 128, disturbed the calculations of all parties, and afterward the block, as before stated, was deeded directly to the board and their successors. It is immaterial in this case whether the board of county commissioners of Osborne county were occupants and inhabitants of the town-site. If the deed to them was invalid, we cannot in this action set it aside. It clearly appears that at the time this suit was brought the town company had no title or interest in the premises described, nor has it acquired any

interest since. The plaintiffs have no mechanic's or other lien, and there is no allegation in the petition, nor any evidence to show, that the court-house was constructed to defraud plaintiffs, nor any one else. The original agreement of the parties was made in good faith, and the evidence does not justify us in saying that the commissioners of partition should have set apart the block to the town company. The only remedy the plaintiffs have is against the Osborne City Town Company. They cannot follow property owned and possessed by the county board; nor question the title of the board to property in which neither they nor the town company have any claim, interest, or estate.

The judgment of the district court will be affirmed.

All the Justices concurring.